**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SCOTT BLOUIN,** *et al.*                                                                                      **PLAINTIFFS**

**VS.**                                                                        **CIVIL ACTION NO. 2:16cv37-KS-MTP**

**JOHNSON & JOHNSON,** *et al.*                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to prosecute and to otherwise comply the Court's Order and Notice [5] of July 5, 2016. Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice.

### Procedural History

On or about March 25, 2016, Plaintiffs Scott and Janet Blouin ("Plaintiffs") filed this complaint against the Defendants alleging products liability claims which resulted in the injury and death of Alexander Blouin. Plaintiffs are not proceeding *in forma pauperis* and, as such, it is their obligation to serve process on the Defendants.

The docket reflecting that Plaintiffs had failed to serve process upon the Defendants or to otherwise prosecute this matter, the undersigned issued an order [5] on July 5, 2016, directing the Plaintiffs to complete service of process and to file proof of service with the clerk of court by August 19, 2016 or to demonstrate good cause for extending the time for service of process; otherwise, the court would recommend dismissal. Plaintiffs did not respond to the order or take any action by August 19, 2016, as ordered.

It has now been over five months since the filing of this action and Plaintiffs have not served process and have not demonstrated good cause to justify further delay. Accordingly, the undersigned recommends that this matter be dismissed without prejudice.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case illustrates the type of inaction that warrants rule 41(b) dismissal.

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice...." Fed. R. Civ P. 4 (m). As Plaintiffs have failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

## Recommendation

As the Plaintiffs have failed to serve process or to otherwise prosecute this case, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 6th day of September, 2016.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge